IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRANDON WILLIAMS, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-0163 |
| | § | |
| TETRA APPLIED TECHNOLOGIES, | § | |
| L.P., *et al.*, | § | |
|    Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment [Doc. # 45] filed by Defendant Petroleum Solutions International, LLC ("PSI"), to which Plaintiff Brandon Williams filed a Response [Doc. # 48], PSI filed a Reply [Doc. # 50], and Plaintiff filed a Sur-Reply [Doc. # 51]. Having carefully reviewed the full record and having applied governing legal authorities, the Court **denies** PSI's Motion for Summary Judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Williams was an employee of Tetra Applied Technologies, L.P. ("Tetra").[1] In February 2007, Williams was working for Tetra as a rigger on a fixed offshore platform operated by Apache Corporation in the Gulf of Mexico. On the date he was

---

[1] Tetra was originally a Defendant in this case, but was subsequently dismissed by Plaintiff. Tetra remains in the case as an intervenor, asserting subrogation to any recovery Plaintiff may obtain in this lawsuit.

injured, Williams was performing "jacking" operations under the direction and control of PSI. Williams was working on a 30" diameter conductor when the "elevators" which connected the drill pipe to the sling rigging opened unexpectedly. This caused the 30" conductor to fall approximately 12 feet. Williams was struck on the head, but is uncertain what part of the machinery hit him.

Williams reported the incident, and a laceration and hematoma on his head were observed at the time. He has been treated by Dr. Zoran Cupic, who diagnosed cervical and lumbar strains, a wrist injury, internal derangement of the right knee, and the head injury.

Williams alleges that PSI's negligence was the cause of his injury, relying in large part on the doctrine of *res ipsa loquitur*.[2] After an adequate time to complete discovery, PSI moved for summary judgment. PSI argues that it would be physically impossible for any part of the malfunctioning elevator to have hit Plaintiff on the head. Plaintiff responds that there is no dispute that the elevator opening was unexpected and a malfunction, or that he was struck on the head by something. The Motion has been fully briefed and is ripe for decision.

---

[2] The platform on which Williams was working when he was injured was permanently affixed to the sea bed on the Outer Continental Shelf of the United States. The Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq.*, provides that the law of the adjacent state is applied as surrogate federal law. As a result, the parties agree that the laws of Louisiana are applicable to this case and that Louisiana recognizes the doctrine of *res ipsa loquitur*.

## II.     ANALYSIS

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008).  If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial.  *See Hines v. Henson*, 293 F. App'x. 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)).  The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party.  *Nat'l Union*, 532 F.3d at 401.

The record in this case contains several genuine issues of material fact that must be tried.  There are factual disputes, for example, regarding what struck Williams on the head and who was responsible for supplying the elevator that opened unexpectedly.  These disputed facts are material to the issue of liability, particularly whether Williams can rely on the doctrine of *res ipsa loquitur* to establish negligence

on the part of PSI. Because there are genuine issues of material fact, summary judgment cannot be granted in this case.

## III. CONCLUSION AND ORDER

There exist genuine issues of material fact that must be resolved at trial. As a result, it is hereby

**ORDERED** that PSI's Motion for Summary Judgment [Doc. # 45] is **DENIED**. The case remains scheduled for docket call at 4:00 p.m. on April 20, 2009.

SIGNED at Houston, Texas this **24th** day of **February, 2009.**

_____
Nancy F. Atlas
United States District Judge